**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins**

**JAMIE WILLIAM SITES,**

        Petitioner,

    v.                                        **Crim. Action No.     2:19-CR-10**
                                                **Civil Action No.     2:21-CV-5**

**USA,**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

## I.      INTRODUCTION

On February 24, 2021[1], Jamie William Sites ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 2:21-CV-5 Doc. 1; Criminal Action Number 2:19-CR-10 Doc. 70].[2]   On the same date, petitioner filed a Motion Requesting this Court Except (sic) this Motion 2255 as Timely [Doc. 71], a Motion Requesting Court to Appoint Me New Counsel [Doc. 72], and a Motion for "Time Extension" to Work on Motion 2255 [Doc. 73].  Because the Motion was not on the court-approved form, the Clerk of Court issued a Notice of Deficient Pleading.  On May 27, 2022, petitioner filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on the court-approved form.   [Doc. 95].   On June 14, 2022, the undersigned denied the Motion to Appoint Counsel and directed the Government to respond to the habeas petition.  On August 15, 2022, the Government filed a response,

---

[1] As discussed more fully below, the Court received the petition on February 25, 2021, but under the "prison mailbox rule" it would be deemed file on February 24, 2021.
[2] From this point forward, all document numbers refer to petitioner's criminal action.

and on September 16, 2022, petitioner filed a reply.   The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.   For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss petitioner's motion.

## II.      PROCEDURAL HISTORY

### A. Conviction and Sentence

On February 20, 2019, the United States Attorney filed an indictment charging petitioner with four counts of possession with intent to distribute methamphetamine; two counts of unlawful possession of a firearm; two counts of possession of a firearm in furtherance of a drug trafficking crime; one count of distribution of methamphetamine; and one count of possession of a stolen firearm.   On May 20, 2019, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty to one count of possession with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime, pursuant to a plea agreement.   On January 23, 2020, petitioner was sentenced to a total of 240 months.

### B. Appeal

Petitioner did not file an appeal from the judgment of his conviction.

### C. Federal Habeas Corpus

On February 25, 2021, the Court received the instant Petition.   Petitioner's signature block on the Petition indicates that he signed it February 23, 2021, and on the attached certificate of service he states that he is delivering the motion, along with others, to prison officials on February 24, 2021.   On May 27, 2022, petitioner filed an amended petition.   In his Amended Petition, petitioner raises several claims including, first,

ineffective assistance of counsel, asserting a number of items he alleges his counsel did or failed to do which were ineffective.  Second, he alleges the court made numerous errors, including allowing the undersigned to accept the plea of guilty, appointing his trial counsel, applying a career offender guideline enhancement, and applying an obstruction of justice guideline enhancement.  Third, he alleges that the plea agreement in his case was invalid.  Finally, he alleges that there were materials missing from discovery.

### III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'"  *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence."  *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence."  *Id*. (citing 28 U.S.C. § 2255(b)).  "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion."  *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## IV.    ANALYSIS

There is a one-year statute of limitations for filing a motion under § 2255, which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires.  *Clay v. United States*, 537 U.S. 522 (2003).  Here, Sites's conviction became final on February 10, 2020, fourteen days after the judgment of conviction.  *See* Fed.R.App.P. 4(b)(1)(A)(i). Accordingly, petitioner had one year, or until February 10, 2021, to file a timely § 2255 motion.  However, he did not file his motion until February 24, 2021.  Therefore, the Motion is untimely.

The undersigned notes that prior to filing his Motion, petitioner filed three motions requesting extensions of time to file a motion under § 2255.  [Docs. 65, 66, & 67].  Judge Kleeh denied the Motions, noting that the Court lacked jurisdiction to consider a request for an extension of time to file a § 2255 motion before such a motion is filed because "'there is no case or controversy to be heard, and any opinion' rendered would be

4

advisory." [Doc. 69 at 4] (quoting *United States v. Leon*, 203 F. 3d 162, 164 (2nd Cir. 2000)).

"Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed." *United States v. Ali*, No. 6:10-296-HMH, 2015 WL 12552065, at *2 (D.S.C. Oct. 9, 2015) (citing *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). However, petitioner in this case has addressed the issues of timeliness and equitable tolling in his exhibits attached to his amended petition and in supplemental motions. Accordingly, the undersigned finds that petitioner is on notice of the timeliness issue and an additional *Hill* notice is not necessary.

In his amended petition, petitioner addresses the timeliness of his habeas motion, asserting that because of the COVID-19 pandemic and the resulting delays in the postal service, his filing was untimely. [Doc. 95-1 at 11]. He contends that "[h]ad the U.S. Postal Service been running efficiently, my Motion 2255 would NOT have been ONLY 12 days past my one year limitations. Postmark on the envelope will indicate the original motion was timely, but delayed five weeks." [Id.]. Similarly, in his Motion Requesting This Court Except (sic) This Motion 2255 as Timely [Doc. 71], petitioner argues that equitable tolling applies to his case. [Doc. 71 at 2]. Specifically, petitioner argues that an earlier motion requesting an extension of time was delayed in reaching the Court. [Id. at 2]. The motions were received by this Court on January 20, 21, and 27, 2021, and were ruled upon on January 27, 2021. Petitioner states that he received the order denying the Motion on February 22, 2021, past the deadline for filing his habeas petition. [Id. at 1]. Petitioner further states that during this time he was without access to the law library. [Id. at 2].

"Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" **Whiteside v. United States**, 775 F.3d 180, 184 (4th Cir. 2014).  "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  **Harris v. Hutchinson**, 209 F.3d 325, 330 (4th Cir. 2000).

Recently, a number of courts have dealt with the question of whether, and when, circumstances related to the COVID-19 pandemic provide a basis for equitable tolling. As the Eastern District of Virginia summarized:

> A petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown. Instead, a petitioner must show: (1) he has been diligently working to file a § 2255 motion on time, and (2) how COVID-19 specifically prevented him from filing this motion on time.

**United States v. Aigbekaen**, No. CR JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also* **Willard v. Indus. Air, Inc.**, No. 1:20-CV-00823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021) ("Other courts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit.").  Similarly, lockdowns and limited access to the law library caused by the pandemic are generally not a basis for equitable tolling.  *See* **United States v. Cook**, No. 5:18-CR-00033-5, 2022 WL 1750624, at *2 (W.D. Va. May 31, 2022) (finding equitable tolling did not apply when petitioner argued "that the court should toll the statute of limitations because his prisons

were often on lockdown due to COVID-19 and limited his ability to access the law library and legal materials.").

Here, the undersigned finds that petitioner cannot meet the requirements for equitable tolling.  Petitioner has not shown that the pandemic or the associated delays in the Postal Service prevented him from filing a petition.  To the extent he contends that his petition would have been timely but-for these delays, the undersigned notes that petitioner's original Petition [Doc. 70] was dated by petitioner as February 23, 2021, thirteen days past the February 10, 2021 deadline.  The attached certificate of service is dated February 24, 2021, and petitioner states that "I will hand these four motions to an officer of this jail TODAY, date being February 24th, 2021 in hopes of these four motions being faxed to the US District Court in Elkins, WV and this original mailed."  [Doc. 70 at 6].  Under the "prison mailbox rule," a petition is deemed filed upon delivery to prison mailroom officials.  *Houston v. Lack*, 487 U.S. 266, 270–272 (1988).  "The prison mailbox rule protects against potential mishandling or delay by prison staff and others, whether intentional or unintentional."  *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013).  However, even with the benefit of this rule, petitioner clearly filed his Petition after the deadline had passed, on February 24, 2021, when by his own account he delivered the petition to prison officials.  Even giving petitioner the benefit of assuming the earliest date he lists with the petition, it was filed February 23, 2021, thirteen days late.  Alternatively, petitioner argues that equitable tolling should apply because he did not receive the Court's order denying his motions for extension until February 22, 2021.  Petitioner's reference to the "original motion" being timely, but delayed five weeks, appears to refer to one of his motions for an extension of time to file his petition, [Doc. 66].

But the denial of these motions is neither an "extraordinary circumstance" nor one which "prevented timely filing." Accordingly, because the petitioner cannot show that some extraordinary circumstance prevented timely filing, equitable tolling is not available and the Petition should be dismissed as untimely.

In the Fourth Circuit, when a § 2255 motion appears untimely and the Government has not filed a motion to dismiss based on the one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. *See United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Accordingly, the petitioner is hereby notified that his § 2255 action will be dismissed as untimely, unless he can demonstrate within the objection period described below that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 2:21-CV-5 Doc. 1; Criminal Action Number 2:19-CR-10 Doc. 70**] and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 2:21-CV-5 Doc. 4; Criminal Action Number 2:19-CR-10 Doc. 95**] be **DENIED** and **DISMISSED with prejudice**. The undersigned further recommends that the Motion Requesting this Court Except (sic) this Motion 2255 as Timely [**Doc. 71**] and a Motion for "Time Extension" to Work on Motion 2255 [**Doc. 73**] be **DENIED**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying**

the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket  sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  October 3, 2022.

/s/ *Michael John Aloi*_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE