IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMIE WILLIAM SITES,**

    **Petitioner,**

**v.**                                                                           **Crim. Action No. 2:19-CR-10**
                                                                           **Civil Action No. 2:21-CV-05**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 106], OVERRULING OBJECTIONS [ECF
Nos. 108, 109], AND DENYING § 2255 PETITIONS [ECF NOS. 70, 95]**

Pending is the Report and Recommendation ("R&R") by the Honorable Michael J. Aloi, Magistrate Judge, recommending that the Court deny the petition of Jamie William Sites ("Petitioner" or "Petitioner Sites"), as well as his amended petition, to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. ECF No. 106.[1] Also pending are: (1) Petitioner's objections to the R&R [ECF Nos. 108, 109]; (2) Petitioner's Motion Requesting this Court Except (sic) this Motion 2255 as Timely [ECF No. 71]; and (3) Petitioner's Motion for "Time Extension" to Work on Motion 2255 [ECF No. 73], all of which Judge Aloi further recommends be denied. ECF No. 106.

Following a careful review and for the reasons that follow, the Court **ADOPTS** the R&R [ECF No. 106]; **OVERRULES** Sites' objections

---

[1] Unless otherwise indicated, all docket numbers refer to Criminal Action No. 2:19-CR-10.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

[ECF Nos. 108, 109]; **DENIES** his § 2255 petition [ECF No. 70]; **DENIES** his amended petition under 28 U.S.C. § 2255 [ECF No. 95]; **DENIES** his Motion Requesting this Court Except (sic) this Motion 2255 as Timely [ECF No. 71]; **DENIES** his Motion for "Time Extension" to Work on his § 2255 Motion [ECF No. 73]; and **DISMISSES WITH PREJUDICE** Civil Action Number 2:21-CV-05.

## I.   BACKGROUND

On February 20, 2019, a grand jury charged Petitioner in a ten (10) count indictment. ECF No. 1. Thereafter, Petitioner entered into a binding plea agreement with the United States Government, whereby Petitioner pled guilty to both: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), as charged in count one of the indictment; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), as charged in count three of the indictment. ECF No. 39. On January 23, 2020, the Court accepted Petitioner's guilty plea and sentenced him to a total of 240 months of imprisonment to be followed by a five-year term of supervised release. ECF No. 59. The Court entered judgment on January 27, 2020. ECF No. 60. Petitioner waved his right to appeal the judgment of his conviction and as such, no appeal was filed. Because Petitioner Sites did not file a direct appeal, his conviction became final on February 10, 2020, fourteen days from the date judgment was entered. See Fed. R. App. P

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

4(b)(1)(A)(i). Accordingly, Petitioner had one year, or until February 10, 2021, to file a timely § 2255 motion.

On January 20, 2021, Petitioner filed a pro se letter motion requesting, in advance of the expiration of the one-year period of limitation for timely filing of a petition under 28 U.S.C. § 2255, an extension of time on that period of limitation. ECF No. 65. On January 21, 2021, Petitioner Sites filed a second pro se letter motion requesting the same relief. ECF No. 66. On January 27, 2021, Petitioner Sites filed a third pro se letter motion again requesting the same relief. ECF No. 67. The Court denied Petitioner's Motions for Extension of Time to File [ECF Nos. 65, 66, 67] to extend the one-year limitation period for filing a petition under 28 U.S.C. § 2255 based on a lack of jurisdiction, given that the deadline for timely filing of such petition had not yet expired.

On February 24, 2021,[2] the pro se Petitioner filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"). ECF No. 70. Because the Motion was not on the court-approved form, the Clerk of Court issued a Notice of Deficient Pleading. ECF No. 76. On May 27, 2022, petitioner filed an *Amended Motion under 28 U.S.C. § 2255 to*

---

[2] The Court received the petition on February 25, 2021, but under the "prison mailbox rule" it would be deemed filed on February 24, 2021.

3

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

*Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* on the court-approved form. ECF No. 95. The Motion raises a challenge of ineffective assistance of counsel. Id.

## II.   REPORT AND RECOMMENDATION

Pursuant to Title 28, U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 7.02(c) and 72.01, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On October 3, 2022, Magistrate Judge Aloi filed a Report and Recommendation ("R&R"), recommending that Petitioners *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF No. 70] and *Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF No. 95] be denied and dismissed with prejudice. ECF No. 106.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's findings and recommendations. Id. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties had fourteen (14) calendar days from the date of service of the R&R to file "specific written objections,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." ECF No. 106. The R&R further warned them that the "[f]ailure to file written objections ... shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. The docket reflects that Petitioner accepted service of the R&R on October 7, 2022. ECF No. 107. Petitioner timely filed a document purporting to be his objections to the R&R, as well as a document with supplemental objections, on October 20, 2022. ECF Nos. 108, 109.

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04, (N.D. W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court

5

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

## IV.   APPLICABLE LAW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the

6

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." Id. (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." Id. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Id. (citing Raines v. United States, 423 F.2d 526, 529).

There is a one-year statute of limitations for filing a motion under § 2255, which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

7

> if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003).

"Generally, the court may not dismiss a motion under § 2255 as untimely without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed." United States v. Ali, No. 6:10-296-HMH, 2015 WL 12552065, at *2 (D.S.C. Oct. 9, 2015) (citing Hill v. Braxton, 227 F.3d 701, 707 (4th Cir. 2002)). "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014). "[A]ny resort to equity must be reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Where, such as here, it is argued that circumstances related to the COVID-19 pandemic provide a basis for equitable tolling:

> A petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown. Instead, a petitioner must show: (1) he has been diligently working to file a § 2255 motion on time; and (2) how COVID-19 specifically prevented him from filing this motion on time.

United States v. Aigbekaen, No. CR JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021).

## V.   PETITIONER'S OBJECTION(S)

On October 20, 2022, Petitioner filed a four (4) page handwritten document and an additional three (3) page handwritten document, largely identical to that of the first, from which the Court gathers several grievances. ECF Nos. 108, 109. In these documents, Petitioner argues that contrary to Judge Aloi's determination, the COVID-19 pandemic is an "extraordinary circumstance" that provides the basis for equitable tolling in the context of the timeliness of his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.* Id. Specifically, Petitioner argues that "under the rule of 'equitable tolling' all the evidence clearly shows that [he]

9

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

was filing [his] motion 2255 timely." Id. He additionally notes that: (1) he has been diligently working on his § 2255 motion, as evidenced by the fact that he started the process of filing on December 16, 2020; and that (2) "the COVID-19 pandemic significantly slowed the US postal service down to such an extent, that it was taking 4 to 8 weeks for mail delivery...[and that] had the US postal service bee[n] on time, then clearly [his] motion 2255 would have been filed on time." Id.

Petitioner's objections to the R&R restate his arguments raised in his motion and fail to identify the specific portions of the R&R to which he objects. The statements made by Petitioner in the Objection and Supplemental Objection are conclusory, restate the allegations contained in his Motion, and are not specific to the findings and recommendation of the magistrate judge with respect to the challenges raised in the Motion. Moreover, Petitioner does not offer any authority in support of his argument against a specific finding by the magistrate judge. In making his objections, Petitioner does not attempt to address Magistrate Judge Aloi's findings and recommendations with respect to the "prison mailbox rule," whereby a petition is deemed filed upon delivery to prison mailbox officials, nor does he adequately demonstrate within the objection period described that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling. Houston v. Lack, 487 U.S. 266, 270-272 (1988).

10

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

In short, the "objection" and "supplemental objection" documents were of no aid to this Court in reviewing the R&R and added nothing new to the record. Indeed, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b). Because "[b]are statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority," are insufficient, the Court reviewed Petitioner Sites' objections for clear error and **OVERRULES** the objections on the grounds that Petitioner has not shown that the COVID-19 pandemic, the associated delays in the Postal Service, or some other extraordinary circumstance prevented him from filing a timely petition. Mario, 313 F.3d at 766.

## VI. DECISION

Accordingly, the Court **ADOPTS** the R&R [ECF No. 106] and **OVERRULES** Petitioner's objection [ECF No. 108] and supplemental objection [ECF No. 109]. The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF No. 70] and the Amended *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF No. 95][3] are **DENIED and DISMISSED WITH PREJUDICE.**

---

[3] The same rulings apply in the related civil case, 2:21-CV-05, as to ECF Nos. 1, 4.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING § 2255 PETITION**

Petitioner's remaining motions at ECF No. 71 and ECF No. 73 are additionally **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Petitioner via certified mail, return receipt requested.

DATED: July 31, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

12